IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

    vs.                                                                                                         5:08CR5-RS/GRJ

**KARRIECE QUONTREL DAVIS**

                                                                                       /

## **RESPONSE TO ORDER**

COMES NOW THE UNITED STATES OF AMERICA in response to the Court's Order concerning substantial assistance.

The government agrees that Defendant has provided assistance which might support a motion under Rule 35(b), Federal Rules of Criminal Procedure, were it not for Defendant's persistent false statements[1].

Rule 35 permits the government to file a motion for reduction of sentence based upon a defendant's post-sentence substantial assistance. Substantial assistance is addressed in detail in Section 5K1.1 of the Sentencing Guidelines. Section 5K1.1(2) describes one of the primary considerations as "the truthfulness, completeness, and reliability of any information or testimony provided by the defendant."

The parties in this case entered into a plea agreement which provided, in part, that if "defendant's statements have been untruthful or incomplete" then one of the

---

[1] Defendant has not provided substantial assistance in any investigation in the Northern District of Florida. He has provided information, including the names of potential witnesses, primarily in homicide investigations in South Florida.
Defendant gets no credit for the prosecution of David Hamilton because, prior to Hamilton's arrest, Defendant ceased cooperation, because his then-pending state charges were not be dropped. Defendant was not used or considered as a witness in any other NDFL prosecution, because the combination of his extreme criminal history and his numerous false statements to law enforcement made him an unbelievable witness.

consequences is that "[t]he defendant, regardless of cooperation, and at the sole discretion of the United States Attorney, may be deemed not to have provided substantial assistance."  As noted before, the government has ample evidence that Defendant has provided false information in portions of his motion to vacate, which was filed under oath. Doc. 265, 202.

The government's decision not to file a substantial assistance motion can be reviewed only for an unconstitutional motive, such as improper consideration of a defendant's race or religion.  *United States v. Wade,* 504 U.S. 181 (1992).  This United States Attorney's and this Assistant United States Attorney have filed numerous substantial assistance motions on behalf of defendants who are demographically indistinguishable from this Defendant.  This Office and this AUSA have consistently refused to file motions for sentencing relief on behalf of defendants who have provided material false statements or testimony after entering into a plea agreement.  There is no basis to review the government's decision in this case.

There are particularly unseemly aspects to Defendant's "cooperation."  He has conducted a great number of undercover interrogations of persons represented by counsel, without notice to or consent by counsel.  He apparently misrepresents himself as a paralegal, in order to gain the trust of accused persons and in order to get them to discuss their cases.  He appears to do this with at least the acquiescence of, if not the encouragement of, persons in law enforcement in South Florida.

This is unethical and improper conduct.  Florida Bar Rule 4-4.2(a); *United States v. Terzado-Madruga*, 897 F.2d 1099 (11th Cir. 1990); *Massiah v. United States*, 377 U.S.

2

201 (1964); *United States v. Henry*, 447 U.S. 264 (1980). The United States Attorney's Office declines to benefit from, reward, or otherwise encourage such actions.

As addressed elsewhere, Defendant has had a spectacular criminal career. Doc. 314. However, the government's decision as to substantial assistance is driven neither by that criminal history nor by the possibility that benefits may be gleaned from his efforts. Most fundamentally, the government does not knowingly reward liars.

Respectfully submitted,

CHRISTOPHER P. CANOVA
Acting United States Attorney


*s/Michael T. Simpson*
MICHAEL T. SIMPSON
Assistant U.S. Attorney
111 North Adams St., 4th Floor
Tallahassee, FL 32301
(850)942-8430
Florida Bar No. 254339

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mails on the 30th day of October, 2015 to **Karriece Davis**, BOP No. 06820-017, Federal Correctional Complex, P.O. Box 1032, Coleman, FL 33521.

*s/Michael T. Simpson*