IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 5:08cr5-MW/GRJ

KARRIECE Q. DAVIS,

    Defendant.

_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

Defendant moved to compel the government to file a substantial-assistance motion under Federal Rule of Criminal Procedure 35. ECF No. 334. This Court denied that motion to compel. ECF No. 335. Defendant moved to supplement the motion to compel. ECF No. 336. This Court granted the motion to supplement but denied any further relief. ECF No. 337. Defendant moved for reconsideration of his motion to compel. ECF No. 339. This Court directed the government to respond to Defendant's assertions and state its reasons for declining to file a substantial-assistance motion. ECF No. 340. The government has responded. ECF No. 341. This order denies Defendant's motion for reconsideration.

In the absence of a promise to do so, the government has the power, but not the duty, to file a substantial-assistance motion when a defendant has provided

1

substantial assistance. *See Wade v. United States*, 504 U.S. 181, 185 (1992); *United States v. McNeese*, 547 F.3d 1307, 1308–09 (11th Cir. 2008). But a district court "may subject the Government's refusal to file such a motion to review for constitutional violations." *Wade*, 504 U.S. at 184.

A defendant must make a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as race or religion, or that the refusal to move "was not rationally related to any legitimate Government end." *Wade*, 504 U.S. at 185–86; *e.g.*, *United States v. Johns*, 548 F. App'x 581, 583 (11th Cir. 2013). "[A]lthough a showing of assistance is a necessary condition for relief, it is not a sufficient one." *Wade*, 504 U.S. at 187. *Wade* thus "eliminated any exception to the government motion requirement that focuses on the level of the defendant's assistance to law enforcement authorities to establish his/her entitlement to sentencing relief." *United States v. Duncan*, 242 F.3d 940, 946 (10th Cir. 2001). The government may have legitimate motivations beyond the nature of a defendant's assistance. *See United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000). Put simply, the government may make a "rational assessment of the cost and benefit that would flow from moving." *Wade*, 504 U.S. at 187.

A defendant is not entitled to a remedy or even an evidentiary hearing where he merely claims that he provided substantial assistance or makes generalized allegations of improper motive. *Id*. at 186. "Mere allegations of bad faith on the

2

part of the government are not sufficient if they are unrelated to the constitutionally impermissible motivation" or, correspondingly, the lack of a constitutionally permissible motivation. *See United States v. Forney*, 9 F.3d 1492, 1501 n.4 (11th Cir. 1993). Such claims fail "to rise to the level warranting judicial enquiry." *Wade*, 504 U.S. at 187.

Defendant has not made a substantial showing of an unconstitutional motive. Nor has Defendant made a substantial showing that the government lacks a rational basis in not filing a substantial-assistance motion.

In light of *United States v. Stamboulides*, 147 F. App'x 65, 67 (11th Cir. 2005), this Court directed the government to state its reasons. The government notes both the nature of Defendant's assistance to law enforcement and his criminal history. The government bases its decision not to file a substantial-assistance motion on "Defendant's persistent false statements." ECF No. 341, at 1. This is a rational basis for a decision not to move.

Because Defendant has not made a substantial showing of a constitutional violation in the government's refusal to file a substantial-assistance motion and the government has affirmatively articulated a rational basis for its decision, the

motion for reconsideration is due to be denied.

For these reasons,

**IT IS ORDERED**:

Defendant's motion for reconsideration, ECF No. 339, is **DENIED**.

**SO ORDERED on October 30, 2015.**

<u>s/Mark E. Walker</u>
**United States District Judge**
